## JOSEPH T. HARRIS *v.* DANIEL BURTNETT.

The plaintiff, a broker, was employed by the defendant to effect a sale of land, and to that end the plaintiff introduced to the defendant one R., who proposed to take the land in part payment of other land he wished to sell. The offer was rejected, but nearly two years afterward, the defendant sold the land to R.'s wife, through R.'s agency: *Held*, that the plaintiff was not entitled to recover broker's commission for effecting such sale.

A broker, employed to effect the sale of land, who makes an agreement with a purchaser, introduced by him, that in case of the latter's offer of an exchange being accepted, he, the broker, shall be paid a gratuity, cannot recover a broker's commission from his first employer in case the offer of exchange is accepted. (Per BRADY, J.)

APPEAL by the plaintiff from a judgment of nonsuit, entered at trial term.

This action was brought for commissions due the plaintiff for services as a broker.

The defendant, owning a country place in Westchester county, employed the plaintiff, during the winter of 1863, to

sell the same, and promised to pay him his commissions. The plaintiff found Russell, who had a Colorado mine for sale, and who was willing to take the place in part payment for the same. The defendant rejected the proposition, and nothing further was done by the plaintiff. A year or more afterward Mr. Russell, having become intimate with the defendant, visited the latter at his country place, and was so pleased with it, that in February, 1865, he bought it as the agent of his wife. There was an understanding, when the plaintiff introduced Mr. Russell, that if the defendant purchased the Colorado mine, the plaintiff was to have an interest.

These facts appearing, the court nonsuited the plaintiff, and dismissed the complaint.

The plaintiff appealed to the General Term.

*Francis Byrne*, for appellant.

*H. P. Allen*, for respondent.

BY THE COURT.—BRADY, J.—The plaintiff was employed by the defendant to sell a country place. He found Mr. Russell, who was willing to take it in part payment for a Colorado mine, which he was desirous to sell. When the proposition was made to the defendant he rejected it. Nothing more was done by the plaintiff to bring the parties together in reference to the defendant's property. Mr. Russell became intimate with the defendant, and a year or a year and a half after the negotiation mentioned fell through, the defendant invited him to go to his place in the country. He was impressed with the beauty of the place, and bought it as the agent of his wife. It also appears that when the plaintiff introduced Mr. Russell it was understood between them, that if the defendant purchased the Colorado property, the plaintiff was to have an interest, and thus the success of the double enterprise would have been attended with a double benefit to the plaintiff. He would have obtained his commission from the defendant for selling his land, and from the plaintiff compensation for the sale of the Colorado property. Such transactions are not toler-

Harris v. Burtnett.

ated.   A broker cannot, under such circumstances, serve both employers with fidelity.   This is too obvious a proposition to ·require more than its statement.   Independently of that, however, it appears that the plaintiff did not find in Mr. Russell a purchaser.   Mr. Russell did not go to the defendant to purchase the property to which the plaintiff called his attention.   He went with the intention of taking it in part payment for something which he wished to sell, and failed to accomplish the sale. He was not, therefore, a purchaser, within the meaning of that designation between broker and seller, and never, in fact, became one.   His wife became the grantee of the premises.   It is not necessary, however, to place the decision of this case upon that ground, or upon the ground that the plaintiff cannot recover because he made a double arrangement.   The plaintiff has not shown that he effected a sale of the premises.   He introduced Mr. Russell with a full knowledge of the manner in which he designed to acquire the property, and the sale was not accomplished.   He did nothing to induce Mr. Russell to change his views.   He doubtless thought it useless; and it is established that his views were not changed until more than a year after his proposition to the defendant had been rejected, and they had separated.   The sale arose from the intimacy which resulted from the meeting on that occasion, it is true, but not until more than a year afterward, during which time Mr. Russell and the defendant became intimate socially, and in a business point of view.   When these relations existed, the defendant invited him to his house in the country, and introduced the subject of a sale of the place, and it resulted in a purchase by Mr. Russell's wife.   The introduction is altogether too remote to warrant any claim by the plaintiff; more especially when it appears, as in this case, that the original design of the purchaser was not to pay money, but to exchange property.   The plaintiff did not do any thing to alter that determination on the part of Mr. Russell, and did not, therefore, earn his commissions.

The judgment should be affirmed.